[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11800

Non-Argument Calendar

_____

In re: ELLERY MYRON STEED,

Debtor.

_____

ELLERY STEED,

Plaintiff-Appellant,

*versus*

GSRAN-Z, LLC,
INVESTA SERVICES, LLC,

Defendants-Appellees.

_____

2                    Opinion of the Court                    22-11800

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02085-MLB,
Bkcy No. 1:18-bk-69488-JWC

———————————

Before WILSON, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ellery Myron Steed, proceeding *pro se*, appeals the District Court's dismissal of his appeal from the U.S. Bankruptcy Court for the Northern District of Georgia.  This case arises out of the proposed tax sale of Steed's property initiated by Investa, on behalf of GSRAN-Z, and the subsequent loss of rental income by Steed.  Steed initiated an adversary proceeding against Investa and GSRAN-Z for willfully violating the automatic stay.[1]  He sought $24,000 in actual damages, $100,000 in damages for substantial mental anguish and distress, and $250,000 in damages.

The bankruptcy court partially granted Steed's motion for summary judgment, finding that Investa willfully violated the automatic stay; all issues relating to damages were reserved for trial.

---

[1] The adversary proceeding arises out of the Chapter 13 bankruptcy case Steed filed on November 19, 2018.  He listed both Investa and GSRAN-Z as creditors.

After trial, the bankruptcy court entered judgment in favor of Steed and awarded him actual damages in the amount of $2,250.[2]

Steed moved the bankruptcy court to vacate, reconsider, or modify its order, and also moved for a new trial. The bankruptcy court denied those requests. Steed then appealed to the District Court. The District Court affirmed the bankruptcy court's opinion.

On appeal, Steed first argues that the bankruptcy court erred in its calculation of his actual damages and in finding that he failed to mitigate his damages. Second, Steed argues that the bankruptcy court erred in finding that he failed to establish damages for emotional distress. Third, he argues that the bankruptcy court erred in denying punitive damages.

**I.**

As the second court of review, we examine the order of the bankruptcy court independently, reviewing the bankruptcy court's legal determinations *de novo* and its factual findings for clear error. *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1189 (11th Cir. 2015). Neither we nor the District Court are authorized to make independent factual findings; that is the function of the bankruptcy court. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990). A factual finding is clearly erroneous "if the reviewing court examines the evidence and is left with the definite and firm conviction that a

---

[2] The bankruptcy court also entered judgment in favor of GSRAN-Z on all counts. Steed does not address this ruling on appeal.

mistake has been made." *In re Stanford*, 17 F.4th 116, 121 (11th Cir. 2021) (internal quotation marks and citation omitted).

Filing a bankruptcy petition automatically stays all efforts outside of bankruptcy to enforce a lien against a debtor's property or to collect debts from a debtor who is under the protection of the bankruptcy court. 11 U.S.C. § 362(a)(4), (6). Unless the action comes under an exception in 11 U.S.C. § 362(b) or a party receives relief from the stay under 11 U.S.C. § 362(d), the stay generally remains in effect until the bankruptcy court disposes of the case. 11 U.S.C. § 362(c).

If a creditor disregards its obligations to stay its collection efforts, the debtor has a remedy: An individual injured by any willful violation of a stay shall recover actual damages, including costs and attorneys' fees. 11 U.S.C. § 362(k). Unlike general, special, and compensatory damages, "actual damages" has no consistent legal interpretation. *In re Horne*, 876 F.3d 1076, 1080–81 (11th Cir. 2017). Bankruptcy courts within this Circuit have required that actual damages be proven with reasonable certainty and mere speculation, guess, or conjecture will not suffice. *In re Castillo*, 456 B.R. 719, 725 (Bankr. N.D. Ga. 2011). The debtor has the burden of proving damages from an automatic stay violation by a preponderance of the evidence. *In re Horne*, 876 F.3d at 1083.

The bankruptcy court granted Steed summary judgment on the issue of whether Investa willfully violated the automatic stay, leaving only the issue of damages for trial. It did not err in

determining actual damages of $2,250 because its findings of fact were supported by the record and not clearly erroneous.

Before the bankruptcy court, Steed asserted that he had leased the property in question to a tenant for three years, with a monthly rent of $750 per month. According to Steed, Investa's willful violations of the automatic stay caused the tenant to terminate the lease at the end of April 2019, which in turn caused him to lose the 32 months of rent remaining on the lease, or $24,000. Appellees questioned whether the lease existed at all, and argued the Steed had a duty to mitigate his damages but failed to do so by allowing his tenant to cancel the lease and by failing to re-let the apartment.

The bankruptcy court found that Steed had established by a preponderance of the evidence that he had a month-to-month lease with the tenant for $750 per month, but that he failed to establish that the written lease governed the terms of the agreement. The bankruptcy court awarded Steed three months of rent, or $2,250, in actual damages because it found that the tenant would reasonably have stayed until July, "but anything beyond that point" was "too speculative given the parties' loose relationship with any formal terms and the dubious nature of the testimony and evidence of [the tenant's] use of the apartment."

Steed argues that in determining that the written lease did not govern the terms of the agreement, and that there was not a three-year lease, the bankruptcy court made findings of fact that were clearly erroneous and contrary to the record. But we cannot

say the bankruptcy court's factual findings leave us with a definite conviction that a mistake has been made.

The bankruptcy court found that there were inconsistencies between the lease and the parties' statements. First, both Steed and the tenant claimed they agreed to a three-year lease with a monthly rent of $750, but the written lease showed a rent of $7.50 per month and the complaint alleged a five-year lease. The tenant described the apartment as "great" and testified that he slept there "about" every night for five months, but could not remember if it had running water. The property did not contain a refrigerator or a working stove, contrary to the terms of the written lease. The written lease required the tenant to pay all utilities other than water, but no utilities were put in his name, and he testified that he did not pay any utilities. The bankruptcy court concluded that, while there was evidence of some lease arrangement between Steed and the tenant, "[o]ne thing clear is the written lease was an empty formality to which neither [the tenant] nor [Steed] paid any regard." Given the factual inconsistencies in the record, it was not clearly erroneous for the bankruptcy court to find a month-to-month lease.[3]

---

[3] The bankruptcy court further held that even if Steed had shown by a preponderance of the evidence that he and the tenant had a three-year lease, Steed would still not be entitled to 32 months of damages because he failed to mitigate his damages. Steed argues that this was in error. Because we hold that the bankruptcy court did not err in finding a month-to-month lease, we decline to address this argument.

## II.

Emotional distress damages fall within the broad term of "actual damages" in § 362(k). *Lodge*, 750 F.3d at 1271. At a minimum, to recover actual damages for emotional distress under § 362(k), a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the automatic stay. *Id.* Fleeting or trivial anxiety or distress is not significant emotional distress, and generalized evidence, without any additional, specific detail, does not show significant emotional distress. *Id.* at 1271–72. Corroborating evidence may not be necessary to prove emotional distress where the violator engaged in egregious conduct and significant emotional distress is readily apparent. *Id.* at 1272.

The bankruptcy court did not err in finding that Steed was not entitled to damages for emotional distress because while the Appellees' conduct was willful, it was not egregious. Importantly, Investa was not actively trying to get around the automatic stay. When Investa initiated the levy process against Steed, his bankruptcy case had been dismissed—Investa could not have known the case would be reinstated at the time it initiated the levy process.

Because Investa's conduct was not egregious, Steed needed to provide corroborating evidence to clearly establish both that he suffered significant emotional distress and that there was a causal connection between that distress and violation of the automatic

stay.  He failed to meet that standard, relying solely on his own testimony.

### III.

Under 11 U.S.C. § 362(k), actual damages recovered by a debtor when a creditor disregards its obligations to stay its collection efforts can, in appropriate circumstances, include punitive damages.  11 U.S.C. § 362(k).  Punitive sanctions are appropriate when a party acts with reckless or callous disregard for the law or rights of others.  *In re McLean*, 794 F.3d 1313, 1325 (11th Cir. 2015).

Here, the bankruptcy court did not err in denying Steed punitive damages because Steed failed to show that the Appellees acted with reckless or callous disregard for the law or rights of others.  Accordingly, we affirm.

**AFFIRMED.**